FOR THE COUNTY OF

# WASHINGTON.

## JUNE TERM.

### 1827.

---

*Memorandum.*   *Weston J.* was not present at this term.

---

### ADAMS & AL. *vs.* BALCH.

In an action against the sheriff for neglect or misconduct in the service of an execution, he is not permitted to impeach the creditor's judgment, except on the ground that it was obtained by fraud.

THIS was an action against the sheriff of this county, for the default of his deputy, in not safely keeping in his custody certain goods which he had attached in the suit of these plaintiffs against *Kelly & Coates;* so that their execution remained unsatisfied.

At the trial before *Weston J.* the plaintiffs produced a copy of their writ against *Kelly & Coates* by virtue of which the goods were attached; and of a note filed in that case, and of the judgment recovered therein. The note bore date *March* 21, 1822, was payable to *Osgood & Foster,* in thirty days with grace, and was indorsed in blank; but was not negotiable. The suit was commenced *April* 22, 1822, and the note was declared upon as a negotiable note, regularly indorsed to the plaintiffs. It was agreed that the original defendants were insolvent at the time the action against them was commenced.

It was contended by the counsel for the defendant, upon this evi-

Adams & al. *v.* Balch.

dence, that the proof did not support the action; that the note upon which judgment appeared to have been rendered was of a different description from the note declared on, and did not warrant the judgment, as it was not negotiable, nor due at the time of the commencement of that suit; at which time, it was manifest from the plaintiffs own showing, they had no cause of action. The Judge overruled this objection, but reserved the point for the consideration of the court; a verdict, under his direction, having been returned for the plaintiffs.

*Hobbs,* for the defendant, contended that the sheriff was in no case liable for not taking or keeping the goods of a defendant, unless it appeared that the plaintiff had a good cause of action. If he had none, he could not be injured. *Pierce v. Jackson* 6. *Mass.* 242. But here it appears that these plaintiffs could have no action against the original defendants, because the note, which they have produced as the ground of their judgment, was not negotiable. It is of their own showing, and was by them filed in the cause, and is not now to be controverted.

But if the note should be laid out of the case, as forming no part of the record, yet on the face of the record itself the action was groundless, the note not having become due when the suit was commenced. This defect is not cured even by verdict. It was therefore a fraud on the other creditors of *Kelly & Coates* to attempt to sequester their goods by suit on a note not yet due; which the policy of the law will not permit, in any mode, to prove successful. *Cheetham v. Lewis* 3. *Johns.* 42. *Waring v. Yates* 10. *Johns.* 119. *Allaire v. Ouland* 2. *Johns. Ca.* 52. *Stewart v. McBride* 1. *Seg. & Rawle* 202. *Gordon v. Kennedy* 2. *Binn.* 287.

*Orr* and *Weston* for the plaintiffs.

Mellen C. J. delivered the opinion of the Court.

It appears that *Kelly & Coates* gave their promisory note to *Osgood & Foster;* and though it was not negotiable, the payees indorsed it to the plaintiffs, who afterwards put the same in suit; in which suit against the makers the plaintiffs declared upon it as a negotiable

Adams & al. v. Balch.

note, describing it as payable to *Osgood & Foster* or their order. In that action the defendants were defaulted, and judgment was rendered on the note against them. The note was dated *March* 21, 1822, payable in thirty days with grace; and the action was commenced on the 22d of *April* then next following; and of course before the note was due. The present action is commenced against the sheriff for the alleged misconduct of one of his deputies, in the service of the original writs in the action against *Kelly & Coates*. In the case at bar, a verdict was returned in favor of the plaintiffs, on which judgment is to be rendered, if the objections of the defendant's counsel were correctly overruled.

The first objection is, that as the note of *Kelly & Coates* was not negotiable, it was not proof of the declaration; and judgment should not have been rendered thereon. To this objection there are two answers; one is, that the note is no part of the record; it is only evidence adduced in support of the promise alleged, and undoubtedly it was improper evidence; and had it been duly objected to, it could not have been received. The other is, that even if the note should be considered a part of the record, and the judgment be reversible on that account, contrary to the decision in *Storer v. White*, 7. *Mass.* 449, and *Pierce v. Adams*, 8. *Mass.* 388, yet the judgment, which has been so rendered, remains in force, till reversed on error.

The second objection is, that the note was not due when sued. To this, the same answer is given; the judgment is in force till reversed; till then, we must respect it, and cannot, in this indirect mode, impeach it. It is true that, in certain cases, a judgment may be impeached and defeated, as to its effects upon third persons who are injured by it; they are are permitted to show that it was obtained, or is kept on foot, by fraud and covin between the parties. But though, by the report of the judge, it appears that, at the time of the default, *Kelly & Coates* were insolvent; still there are no facts before us tending to show that the judgment was obtained by one party, and consented to by the other, for the fraudulent purpose of defeating the right of other attaching creditors by the anticipated attachment of the plaintiffs; nay there is no proof that there were any other attaching creditors.

Adams & al. *v.* Balch.

In fact, the case before us furnishes no proof of fraud in any one; but seems to shew there was none; and without fraud, the case of *Pierce v. Jackson,* cited in the argument, can certainly have no application.

In addition to what has been stated, we would observe, that, fraud being laid out of the question, there can be no legal authority or pretence for the defendant in this action to make the objections on which he has relied. If they could ever be sustained, they should be made by the defendants in the original action.

The cases cited by the defendant's counsel from the New York reports, are undoubtedly sound law, but in one material particular they differ from the case at bar. In those, the objections, founded on the want of title, or cause of action, apparent on the record, were decided to be good after verdict; that is the verdict did not cure the defect; the objections were made while the causes were pending. But in the case under consideration, judgment has been entered, and the cause long since finally determined. No case can be found where such an exception as the present, has prevailed after judgment, unless upon a writ of error. On every principle the plaintiffs are entitled to                    *Judgment on the verdict.*